UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| TIMOTHY LAMONT RUFF, | |
| Petitioner, | Civil Action No. 6: 19-21-KKC |
| v. | **MEMORANDUM OPINION AND ORDER** |
| WARDEN, FCI MANCHESTER, | |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Timothy Ruff has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Ruff complains that in September 2018, officer Kilgore terminated him from his prison job because he refused to work overtime, something Ruff contends violates state labor laws. Kilgore seeks reinstatement to his prison job, an award of back pay, and criminal prosecution of officer Kilgore. [R. 1] Ruff did not pay the filing fee required by 28 U.S.C. § 1914 or file a motion to proceed *in forma pauperis*.

Regardless, the Court will deny the petition with prejudice because Ruff's claims may not be asserted in a habeas corpus action. A habeas corpus petition may only assert a challenge to the validity of the petitioner's conviction or the duration of his sentence. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006). Here, the actions about which Ruff complains had no effect on the duration of his sentence, and therefore must be pursued as civil rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Because "§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters

concerning the execution of a sentence such as the computation of good-time credits," *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004), the Court will deny the petition so that Ruff may assert his claims in a civil rights proceeding. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, it is **ORDERED** as follows:

1. Ruff's petition for a writ of habeas corpus [R. 1] is **DENIED**.
2. The Court will enter an appropriate judgment.
3. This matter is **STRICKEN** from the active docket.

Entered: January 29, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY